UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN CASARETTO aka JUAN CASARETTO and GLORIA CASARETTO,<br><br>Plaintiffs,<br>v.<br><br>COLDWELL BANKER REALTY; KELLER WILLIAMS REALTY; OSCAR MARTINEZ dba CENTURY MEDALLION LOS GATOS; WILLOW MORTGAGE COMPANY; VALLEY OF CALIFORNIA, INC, dba COLDWELL BANKER; TIMOTHY CONWAY; and ALEXIS JAN BRIGHAM,<br><br>Defendants. | Case No.: 10-CV-00509-LHK<br><br><br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT |

Plaintiffs have moved to amend their complaint to assert new factual allegations and a new cause of action ("Motion") against Defendants Valley of California, Inc. dba Coldwell Banker Realty (Coldwell) and Alexis Jan Brigham (Brigham) (together, Defendants). Motion, Dkt. No. 43. The Court finds this matter suitable for decision without oral argument and hereby VACATES the hearing on the Motion scheduled for April 28, 2011. Civ. L.R. 7-1(b). For the reasons set forth below, Plaintiffs' Motion is DENIED.

1

Case No.: 10-CV-00509-LHK
ORDER DENYING LEAVE TO AMEND

I. Introduction and Factual Background

The Court recently granted Defendants' motion for summary judgment of Plaintiffs' claim of negligent misrepresentation. *See* April 15, 2011 Order (Dkt. No. 65). The Court assumes familiarity with the facts set forth in the April 15, 2011 Order and only briefly summarizes them here. Plaintiffs had alleged that Defendant Brigham negligently misrepresented that Mr. Emilio Montes De Oca, the buyer of Plaintiffs' commercial property, would obtain funding for a second loan to buy their business (located on the property), thereby inducing Plaintiffs to close escrow on the sale of the property. The Court found that Plaintiffs' negligent misrepresentation claim was time-barred, because it accrued no later than January 15, 2008. Plaintiffs did not file suit until February 4, 2010. The statute of limitations for a negligent misrepresentation claim is two years.

After the summary judgment motion was filed, but before the Court had ruled on it, Plaintiffs moved to amend to add additional allegations in support of their negligent misrepresentation claim, and to add a new claim for "Breach of Duties of Honesty, Fairness and Full Disclosure" against Defendants.

Regarding the negligent misrepresentation claim, Plaintiffs seek to amend the claim to add allegations that Defendants "failed to advise" Plaintiffs of the following alleged material facts:

a) That it was "improper" to value the business at $1 and that doing so "exposed Plaintiffs to potentially severe tax consequences and other adverse effects";

b) That representing to prospective lenders that the real property was being sold for $1,499,000 was perpetrating a fraud upon potential lenders, exposing Plaintiffs to possible civil and criminal liability;

c) That the appraisal of the property for $1.1 million and the fact that the first deed of trust was for $935,000 meant that the property had insufficient equity to secure the loans Plaintiffs extended to the buyer;

d) That Plaintiffs faced "severe financial consequences" by carrying loans to the buyer in the event that buyer was unable to secure additional funding;

2

    e)  That Defendants failed to properly investigate the financial resources of the proposed funder, Mr. Conway

    f)  That Plaintiffs should have postponed the close of escrow on the sale of the property until after additional funding had been secured

    g)  That Plaintiffs should have sought appropriate legal, financial, and tax advice regarding the sales agreements and loans

Proposed First Amended Compl. (PFAC), Rice Decl. ISO Mot., Ex. I

Plaintiffs' proposed "breach of duty" claim alleges no additional facts but is based entirely on the above allegations. *Id.* at ¶¶ 34-35.

## II.  Legal Standard

If a pleading is not amended as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." F.R.C.P. 15(a)(2). When a party seeks leave of the court, "[t]he court should freely give leave when justice so requires." *Id.* "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"These factors, however, are not of equal weight . . . ." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). "Undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999) (citation omitted). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs*, 833 F.2d at 185). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.,* 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

3

Case No.: 10-CV-00509-LHK
ORDER DENYING LEAVE TO AMEND

III.     Application

The Court previously found that Plaintiffs' claim of negligent misrepresentation against Defendants accrued on January 15, 2008. Most of the additional allegations Plaintiffs seek to add to their negligent misrepresentation claim assert that Defendants failed to warn or counsel Plaintiffs regarding the risks of the sale, without asserting any additional facts. For example, Plaintiffs allege that Defendants failed to warn Plaintiffs that the deal "exposed [them] to potentially severe tax consequences," and failed to warn them that there was insufficient security in the property in the event Plaintiffs had to foreclose upon it, resulting in "severe financial consequence[s]." None of the proposed allegations change the Court's analysis regarding when the negligent misrepresentation claim accrued. Plaintiffs quantify their injury as the loss of $455,000, the amount they loaned to Mr. De Oca, and all of the new allegations (other than the one in PFAC ¶ 21(b), discussed below) depend on the theory that Defendants negligently misrepresented the likelihood that Plaintiffs would be paid back promptly after escrow closed on the first contract, or failed to advise Plaintiffs of the risk that they would not be repaid.   As the Court previously determined, the Plaintiffs were or should have been aware of this injury as of January 15, 2008, at which point Mr. De Oca's loans were in default and all of the parties' efforts to get them funded had failed. Nothing in the proposed allegations serves to move the date of Plaintiffs' injury back or justify tolling the statute of limitations so that their negligent misrepresentation claim would be timely.

The only proposed allegation that references a distinct injury states that Plaintiffs were exposed to "potential civil and criminal liability" through the allegedly fraudulent representation that the real property alone was being sold for $1,499,000. PFAC ¶ 21(b). However, Plaintiffs have alleged no actual injury resulting from this. In their Reply, Plaintiffs admit that they "do not allege specific damage arising as a result of the alleged failure" and that Plaintiffs do not oppose the Court striking this allegation (as well as the allegation regarding failure to advise of severe tax consequences) as a "condition to the filing of the PFAC." *See* Reply at 3.

The Court concludes that the proposed amendments to Plaintiffs' negligent misrepresentation claim are futile, as the claim is time-barred even if based on the new allegations.

4

Case No.: 10-CV-00509-LHK
ORDER DENYING LEAVE TO AMEND

1   Because the proposed amendment regarding the allegedly fraudulent representation to lenders fails
2   to identify an injury, it is futile as well.[1]

3         Plaintiffs seek to add a new claim for breach of the "duties of honesty, fairness, and full
4   disclosure" based on the above allegations.  Because this claim is essentially a professional
5   negligence claim, subject to a two-year statute of limitations, the Court finds that this claim is time-
6   barred.  The Plaintiff requested the opportunity to submit supplemental briefing on the statute of
7   limitations applicable to this claim, and Court granted both parties leave to file supplemental briefs.
8   Plaintiffs state that they could not "locate any authority specifically categorizing the appropriate
9   title" or statute of limitations for this claim, but argue that "it is clear" that this is not a claim for
10  negligence.  *See* Pl.'s Suppl. Br. at 1.  Plaintiffs argue that the Court should utilize the three-year
11  statute of limitations applied to actions alleging a "fraudulent conspiracy," and cite *Hatch v.*
12  *Collins*, 225 Cal. App. 3d 1104, 1110 (1990).  In *Hatch*, the Plaintiffs alleged that a trustee
13  breached his duty to hold a fair trustee's sale by colluding with a bidder to allow a bid to be
14  withdrawn.  The court applied the three-year statute of limitations to the collusion claim, but noted
15  that the breach of duty claim would be subject to the statute of limitations for professional
16  negligence, which is two years.  *Id.* at 1109, citing Cal. Code. Civ. Proc. § 339.  The court in *Hatch*
17  also noted that in evaluating what statute of limitations to apply, the Court must determine the
18  "substance or gravamen of the action rather than the form of the pleading."  *Id.* at 1110.  Thus,
19  *Hatch* suggests that Plaintiffs' proposed amended breach of duty claim, which is based on
20  Brigham's alleged failure to perform a professional duty, is subject to the two-year limitations
21  period for a professional negligence claim.

22        Plaintiffs further argue that the proposed breach of duty claim sounds in fraud, and should
23  therefore be subject to the three year statute of limitations applicable to fraud claims.  Plaintiffs
24  argue that the "essence" of their new claim is that "Defendants suppressed facts that they were
25  bound to disclose."  Pl. Suppl. Br. at 3.  The Court rejects Plaintiffs' argument that the proposed
26  breach of duty claim is, at heart, a fraud claim.  Plaintiffs have consistently alleged that Defendants

---

[1] In light of the Court's finding that leave to amend would be futile, the Court does not address the issue of whether or not Plaintiffs unduly delayed in moving to amend their complaint.

5

Case No.: 10-CV-00509-LHK
ORDER DENYING LEAVE TO AMEND

1    *negligently* represented that their loans would be promptly repaid.  In the PFAC, Plaintiffs continue
2    to allege that Defendants failed to properly investigate the financial resources of the proposed
3    funders.  Plaintiffs have never alleged that Defendants knowingly made false representations.  To
4    the extent Plaintiffs argue that their new allegations that Defendants failed to advise them about the
5    tax and legal consequences of the deal amounted to fraud, Plaintiffs have not alleged this claim
6    with sufficient particularity under Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires that the
7    party alleging fraud must state "with particularity the circumstances constituting fraud or mistake,
8    including the who, what, when, where, and how of the misconduct charged.  In addition, the
9    plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Ebeid v.*
10   *Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal citations and quotations omitted).  Plaintiffs'
11   proposed amendments assert in conclusory fashion that various aspects of the deal between
12   Plaintiffs and Mr. De Oca were "improper," misleading, or financially risky for Plaintiffs, and that
13   Defendants failed in a duty to alert Plaintiffs of these risks.  Plaintiffs have failed to assert with
14   sufficient particularity exactly what information was allegedly suppressed, whether and how it was
15   "material," and whether Defendants knew this information.

16   The Court finds that Plaintiffs' claims are best characterized as claims for professional
17   negligence.  Plaintiffs seek to amend in order to allege that Defendant Brigham breached her duties
18   of honesty, fairness, and full disclosure.  Plaintiffs assert that Brigham owed them these duties by
19   virtue of her role as Mr. De Oca's real estate agent in the sale.  As the court noted in *Hatch*,
20   professional negligence claims are subject to a two-year statute of limitations.  Like their negligent
21   misrepresentation claim, any claim against Defendants for professional negligence accrued no later
22   than January 15, 2008.  All of the new allegations[2] are different ways for Plaintiffs to assert that
23   Brigham failed in a duty to advise them of the risks of the deal they were contemplating.  Like the
24   negligent misrepresentation claims, these claims accrued when Plaintiffs recognized that De Oca
25   had failed to repay their loans to him "promptly" after close of escrow on November 5, 2007.

---

[2] The one exception is the "fraud on the lender" allegation.  As discussed above, this allegation asserts no injury and is therefore inadequate to state a claim.

6

Case No.: 10-CV-00509-LHK
ORDER DENYING LEAVE TO AMEND

IV.     Conclusion

Because the Court finds that the proposed amended claims are time-barred, leave to amend would be futile.  Accordingly, Plaintiffs' Motion is DENIED.  The case is currently set for a pretrial conference on June 1, 2011, and for a jury trial beginning June 13, 2011.  In light of the fact that there are now no pending causes of action against the Defendants, Plaintiffs shall file a statement indicating how they plan to proceed against each of the remaining defendants by May 3, 2011.

**IT IS SO ORDERED.**

Dated: April 26, 2011

_____
LUCY H. KOH
United States District Judge