1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11                SAN JOSE DIVISION

12   JOHN CASARETTO aka JUAN CASARETTO   )   Case No.: 10-CV-00509-LHK
     and GLORIA CASARETTO,                )
13                                        )
                  Plaintiffs,             )
14         v.                             )
                                          )
15   COLDWELL BANKER REALTY; KELLER       )   ORDER TO SHOW CAUSE
     WILLIAMS REALTY; OSCAR MARTINEZ      )
16   dba CENTURY MEDALLION LOS GATOS;     )
     WILLOW MORTGAGE COMPANY;             )
17   VALLEY OF CALIFORNIA, INC, dba       )
     COLDWELL BANKER; TIMOTHY             )
18   CONWAY; and ALEXIS JAN BRIGHAM,      )
                                          )
19                Defendants.             )
                                          )
20
21         On December 10, 2010, the Court set a case schedule in this case.  Among other deadlines,

22   summary judgment motions were due by March 10, 2011, and a trial was set to begin on June 13,

23   2011.  On April 15, 2011, the Court granted summary judgment to the only defendants in the case

24   who were not in bankruptcy proceedings (Coldwell Banker Realty and Alexis Brigham).  On April

25   26, 2011, the Court denied Plaintiffs' motion for leave to amend their complaint to state additional

26   claims against Coldwell and Brigham.  The Court ordered Plaintiffs to file a statement indicating

27   how they intended to proceed against the remaining defendants by May 3, 2011.

28

1

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On April 27, 2011, Plaintiffs' attorney, Paul Rice, filed a notice stating that the Plaintiffs filed for bankruptcy in the Southern District of Texas, and suggesting that this case would be automatically stayed as a result.  The Court issued an Order on April 29, 2011 noting that there is no automatic stay regarding an action brought by a bankrupt plaintiff, and asking Plaintiffs to file the status update by May 3, 2011.

On May 2, 2011, Plaintiffs (through Mr. Rice) filed another letter to the Court, conceding that no automatic stay applied to this case, but arguing that the case was now an asset of "the Chapter 7 U.S. Trustee[1]" and that as a result, decisions in the case were now up to the Trustee. Plaintiffs' counsel stated that he had no authority to file documents or proceed to litigate the case. In another filing on May 11, 2011, Mr. Rice stated that he had discussed the matter with Plaintiffs' bankruptcy counsel, and that due to a potential conflict of interest between Mr. Rice and the estate, Mr. Rice believed it was "virtually certain" that he would not be employed by the Bankruptcy Court to continue litigating the case.  He also stated that he could only proceed in this matter as special counsel on behalf of Debtors if this was approved by the Bankruptcy Court.

Based on all of this, on May 19, 2011, the Court issued an Order noting Mr. Rice's representation that the Trustee of Plaintiffs' estate is the real party in interest in the case, that Mr. Rice has a potential conflict of interest with the estate.  The Court vacated the pretrial conference and trial dates, and set a status conference for a month later (today, June 17, 2011).  The Court also ordered that "the Trustee or Plaintiffs" must file a status report with 1) legal authority indicating why the case could proceed against defendant Conway despite his ongoing bankruptcy; 2) legal authority regarding why service of the complaint on Mr. Conway was properly made 3) proof of service on Mr. Conway and 4) why Plaintiffs would not seek relief from automatic stay resulting from defendant Martinez's recently-disclosed bankruptcy proceeding.  The Court also ordered that the Plaintiffs disclose the lawsuit to the bankruptcy Trustee, if it had not already been disclosed.

One week before the June 17, 2011 status conference, attorney Rice (not Plaintiffs or the Trustee) filed a status report.  Among other things, Rice indicated that "it has not been determined

---

[1] The Court has reviewed the filings in Plaintiffs' bankruptcy case and notes that in fact, Plaintiffs filed under Chapter 11, not Chapter 7.

Case No.: 10-CV-00509-LHK
ORDER TO SHOW CAUSE

whether Plaintiff will seek relief from the stay in Defendant Martinez's bankruptcy proceeding." In addition, Mr. Rice stated that he "does not represent Plaintiffs with respect to any bankruptcy proceeding, or provide any bankruptcy advice."  Mr. Rice indicates that Plaintiffs and their bankruptcy counsel have not responded to various requests and inquiries he has made.

It appears that Plaintiffs have abandoned this case.  It also appears that Mr. Rice has no authority to litigate this case on behalf of either the Plaintiffs, their estate, or the Trustee.  In light of these facts, the Court orders as follows:

1) Plaintiffs shall move for relief of any automatic stay resulting from their own bankruptcy proceedings, as such a stay could implicate the ability of defendants in this action to defend themselves.

2) Plaintiffs shall move for relief of stay in Mr. Martinez's bankruptcy.

3) Plaintiffs shall file legal argument demonstrating that they have properly served defendant Conway.  No automatic stay applies to Mr. Conway as he has filed repeated bankruptcies.

4) Plaintiffs shall move the Bankruptcy Court for approval of counsel to litigate this case. Plaintiffs must file proof that they have taken the above actions with this Court **within 21 days of the date of this Order.**  If Plaintiffs fail to do so, this case will be dismissed for failure to prosecute.

Mr. Rice has repeatedly represented that he may not appear on behalf of Plaintiffs until he receives approval from the Bankruptcy Court to litigate this case.  The Court will not accept additional filings on behalf of Plaintiffs by Mr. Rice until such approval is obtained.  If Mr. Rice wishes to withdraw, he should move to do so.

**IT IS SO ORDERED.**

Dated: June 17, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-00509-LHK
ORDER TO SHOW CAUSE

3