UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN CASARETTO aka JUAN CASARETTO and GLORIA CASARETTO,<br><br>Plaintiffs,<br>v.<br><br>COLDWELL BANKER REALTY; KELLER WILLIAMS REALTY; OSCAR MARTINEZ dba CENTURY MEDALLION LOS GATOS; WILLOW MORTGAGE COMPANY; VALLEY OF CALIFORNIA, INC, dba COLDWELL BANKER; TIMOTHY CONWAY; and ALEXIS JAN BRIGHAM,<br><br>Defendants. | Case No.: 10-CV-00509-LHK<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

This case was filed on February 23, 2010, and was reassigned to the undersigned Judge on August 2, 2010. At the parties' request, the Court initially delayed holding a Case Management Conference and setting a case schedule. On December 10, 2010, the Court set a case schedule in this case. Among other deadlines, summary judgment motions were due by March 10, 2011, and a trial was set to begin on June 13, 2011. On April 15, 2011, the Court granted summary judgment to the only defendants in the case who were not in bankruptcy proceedings (Coldwell Banker Realty and Alexis Brigham). On April 26, 2011, the Court denied Plaintiffs' motion for leave to amend their complaint to state additional claims against Coldwell Banker Realty and Brigham.

1

Case No.: 10-CV-00509-LHK
ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

1   The Court ordered Plaintiffs to file a statement indicating how they intended to proceed against the
2   remaining defendants by May 3, 2011.
3       On April 27, 2011, Plaintiffs' attorney, Paul Rice, filed a notice stating that the Plaintiffs
4   filed for bankruptcy in the Southern District of Texas, and suggesting that this case would be
5   automatically stayed as a result. The Court issued an Order on April 29, 2011 noting that there is
6   no automatic stay regarding an action brought by a bankrupt plaintiff, and asking Plaintiffs to file
7   the status update by May 3, 2011.
8       On May 2, 2011, Plaintiffs (through Mr. Rice) filed another letter to the Court, conceding
9   that no automatic stay applied to this case, but arguing that the case was now an asset of "the
10  Chapter 7 U.S. Trustee[1]" and that as a result, decisions in the case were now up to the Trustee.
11  Plaintiffs' counsel stated that he had no authority to file documents or proceed to litigate the case.
12  In another filing on May 11, 2011, Mr. Rice stated that he had discussed the matter with Plaintiffs'
13  bankruptcy counsel, and that due to a potential conflict of interest between Mr. Rice and the estate,
14  Mr. Rice believed it was "virtually certain" that he would not be employed by the Bankruptcy
15  Court to continue litigating the case. He also stated that he could only proceed in this matter as
16  special counsel on behalf of Debtors if this was approved by the Bankruptcy Court.
17      Based on all of this, on May 19, 2011, the Court issued an Order noting Mr. Rice's
18  representation that the Trustee of Plaintiffs' estate is the real party in interest in the case, and that
19  Mr. Rice has a potential conflict of interest with the estate. The Court vacated the pretrial
20  conference and trial dates, and set a status conference for a month later (June 17, 2011). The Court
21  also ordered that "the Trustee or Plaintiffs" must file a status report with: 1) legal authority
22  indicating why the case could proceed against defendant Conway despite his ongoing bankruptcy;
23  2) legal authority regarding why service of the complaint on Mr. Conway was properly made; 3)
24  proof of service on Mr. Conway; and 4) why Plaintiffs would not seek relief from automatic stay

---

[1] The Court has reviewed the filings in Plaintiffs' bankruptcy case and notes that in fact, Plaintiffs filed under Chapter 11, not Chapter 7.

2
Case No.: 10-CV-00509-LHK
ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

resulting from defendant Martinez's bankruptcy proceeding.  The Court also ordered that the Plaintiffs disclose the lawsuit to the bankruptcy Trustee, if Plaintiffs had not already done so.

One week before the June 17, 2011 status conference, attorney Rice (not Plaintiffs or the Trustee) filed a status report.  Among other things, Rice indicated that "it has not been determined whether Plaintiff will seek relief from the stay in Defendant Martinez's bankruptcy proceeding." In addition, Mr. Rice stated that he "does not represent Plaintiffs with respect to any bankruptcy proceeding, or provide any bankruptcy advice."  Mr. Rice also indicated that Plaintiffs and their bankruptcy counsel have not responded to various requests and inquiries he has made.

On June 17, 2011, the Court issued an Order to Show Cause requiring Plaintiffs to take a number of actions and to file proof that they did so within 21 days of the Order, and stating that failure to comply would result in dismissal without prejudice.  Plaintiffs failed to file a response to the Order to Show Cause by July 8, 2011, as required by the Order.  Instead, Antonio Martinez, Jr. (counsel for Plaintiffs in their bankruptcy action in Texas) filed a letter to the Court on July 19, 2011.  Apparently, Mr. Martinez is not a member of the bar of this Court.  Mr. Martinez states that he has mailed a pro hac vice application to the Court, but that he did not complete the section identifying local counsel.  Mr. Martinez also states that Plaintiffs have not abandoned their case, but that they have had a difficult time finding new counsel to represent them because their bankruptcy filing created an apparent conflict of interest between themselves and their former attorney in this matter, Mr. Rice.  In addition, Mr. Martinez states that Plaintiffs "would not be opposed to dismissing the claims against [Timothy Conway and Oscar Martinez, the remaining two defendants in the case]," because they are both in bankruptcy proceedings.  Finally, Mr. Martinez states that "Plaintiffs would appreciate an opportunity to ask the Court to reconsider its ruling against them on limitations grounds."

The Court received the pro hac vice application Mr. Martinez submitted, but because he did not identify local counsel therein, the application cannot be granted.  *See* Civ. L. R. 11-3.  Because Mr. Martinez is not authorized to practice here, his untimely filing does not constitute an adequate response to the Order to Show Cause.  However, based on the representations in the July 19, 2011

3

Case No.: 10-CV-00509-LHK
ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

letter, the Court finds that this case should be dismissed for failure to prosecute. If the Plaintiffs intend to dismiss defendants Conway and Martinez, and only wish to seek reconsideration of this Court's April 15, 2011 Order, the Plaintiffs should appeal the decision after the Court has dismissed the remainder of Plaintiffs' claims for failure to prosecute. Mr. Martinez has failed to raise any ground which would support granting leave to file a motion for reconsideration. *See* Civ. L. R. 7-9(b) (requiring a party seeking leave to file a motion for reconsideration to show either a material difference in law or fact from that which was presented to the court, the emergence of new material facts or a change of law occurring after the time of the order, or a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court).

Plaintiffs have been aware of the apparent conflict with Mr. Rice for months, and have apparently taken no steps to obtain new counsel or prosecute their remaining claims despite several orders by this Court asking Plaintiffs to respond and indicate how they plan to proceed. *See* Dkt. Nos. 85, 89, 93. The case is already over a month past the original trial date set by the Court. Plaintiffs failed to timely or adequately respond to the Courts' Order to Show Cause Why the Case Should Not Be Dismissed for Failure to Prosecute. Particularly in light of Mr. Martinez's representations that Plaintiffs do not wish to pursue their remaining claims and only seek reconsideration of this Court's April 15, 2011 Order, the Court finds that the remaining claims in this case should be DISMISSED without prejudice for failure to prosecute. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-00509-LHK
ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

4